No. 03-06-0939

**CORRECTION** Filed January 28, 2009

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2009

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) ) ) | Appeal from the Circuit Court for the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | 94 CF 561 |
| JOHN ROSSI, | ) ) | Honorable James Teros, |
| Defendant-Appellant. | ) ) | Judge, Presiding. |

JUSTICE McDADE delivered the opinion of the court:

Petitioner, John Rossi, appeals from an order granting the State's motion to dismiss his successive postconviction petition under the Illinois Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2004)). Upon review, we affirm.

FACTS

In 1994, petitioner was indicted on one count of aggravated criminal sexual assault (vaginal intercourse), one count of attempted murder, and one count of aggravated criminal sexual assault (anal intercourse). The maximum term if petitioner had been convicted of all three counts was 120 years. Petitioner agreed to plead guilty under an Alford plea in which he did not admit guilt but pled guilty to minimize his possible sentence. In exchange for his pleas to

aggravated criminal sexual assault (vaginal intercourse) and attempted murder, the State agreed to dismiss the charge of aggravated criminal sexual assault (anal intercourse) and to a maximum sentence of 60 years. Before accepting his pleas, the trial court admonished petitioner in accordance with Supreme Court Rule 402 (177 Ill. 2d R. 402). The court subsequently sentenced petitioner to 30 years' imprisonment on each of the two counts and ordered the sentences to run consecutively. The court dismissed the second count of aggravated criminal sexual assault (anal intercourse).

Petitioner filed an untimely direct appeal, which we dismissed for lack of jurisdiction. *People v. Rossi*, No. 3-96-0480 (1997) (unpublished order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23)). Our supreme court denied petitioner's petition for leave to appeal.

On February 13, 1998, petitioner filed a *pro se* postconviction petition alleging his trial counsel was ineffective for failing to perfect his appeal. The trial court granted his postconviction petition and ordered a hearing on a motion to vacate his guilty pleas. Richard Conklin was appointed to represent petitioner on his motion to vacate.

Upon the conclusion of the hearing on petitioner's motion to vacate his guilty pleas, the trial court found that petitioner's guilty plea had been voluntary and that trial counsel had not been ineffective. Thus, the court denied petitioner's motion to vacate his guilty pleas. Petitioner appealed this ruling and we affirmed. *People v. Rossi*, No. 3-99-0629 (2001) (unpublished order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23)). Specifically, we stated:

> "At the hearing on the motion to withdraw the plea, the
>
> [petitioner] presented evidence that he was acting under an
>
> impairment when he pled guilty. However, the evidence was

2

rebutted by the testimony of defense counsel. We hold that the circuit court did not abuse its discretion in denying the motion to withdraw the plea." *People v. Rossi*, No. 3-99-0629 (2001) (unpublished order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23)).

On October 31, 2001, petitioner filed a successive *pro se* postconviction petition. The petition alleged *inter alia* that petitioner had been deprived of his right to effective assistance of counsel where trial counsel failed to argue that his client was improperly admonished at the guilty plea hearing and that Richard Conklin failed to raise several arguments in support of the motion to vacate his guilty pleas, including petitioner's lack of mental stability at the time of the pleas. The petition also alleged that appellate counsel was ineffective for not arguing Conklin's defective representation and that the pleas were involuntary due to the beating petitioner suffered in the county jail.

On November 27, 2001, the trial court appointed Herbert Schultz to represent petitioner in the successive postconviction proceedings. On December 31, 2003, the State filed a motion to dismiss petitioner's successive postconviction petition. Upon hearing argument, the court determined that a number of issues raised in the petition were barred by the doctrine of *res judicata*. However, the court reserved judgment on the issues concerning the effectiveness of Conklin's representation in regard to petitioner's ability to enter the guilty pleas.

On May 12, 2004, the State presented the testimony of Conklin. Conklin explained that he took the position in the postplea motion that petitioner's plea was involuntary "on [the] basis that he was in fear of his life and he was still suffering from injuries from the beating that he

received three weeks earlier." The court subsequently found that the issues concerning the effectiveness of Conklin's representation in regard to petitioner's ability to enter the guilty pleas were also barred by *res judicata*. The court dismissed petitioner's successive postconviction petition.

On May 27, 2004, petitioner filed several *pro se* motions, including a petition for rehearing which included a prayer that petitioner be allowed to amend the petition for rehearing and alleged among other things that Schultz's representation was unreasonable for failing to amend his successive postconviction petition to adequately raise the issues of ineffective assistance of Conklin, trial counsel, and appellate counsel. On September 15, 2004, the court allowed Schultz to withdraw and Richard Zimmer was appointed to represent petitioner. The ordered entered by the court stated:

> "Herbert Schultz is allowed to withdraw. Robert Zimmer is
> appointed and shall examine the record and file a certificate
> pursuant to Rule 651."

More than two years later, on November 21, 2006, *Schultz* filed a certificate pursuant to Supreme Court Rule 651 (c) (134 Ill. 2d R. 651(c)) (Emphasis added.) On that same day, the court held a hearing on petitioner's petition for rehearing. Upon hearing argument, the court denied petitioner's motion. A written order was entered on November 28, 2006. Specifically, the order stated:

> "This cause coming on [petitioner's] petition for rehearing.
> The [petitioner] appears by Richard Zimmer. *** [The] court finds
> it previously denied the [petitioner's] successive petition for Post

4

Conviction Relief, *but it reconsiders these issues along with the new issues raised in the [petitioner's] two petitions for rehearing.* Court finds that the previous rulings as to the [petitioner's] allegations were correct in that the [petitioner's] issues failed to state a meritorious cause and failed to state cause and prejudice. These issues were fully adjudicated in post hearings. [Petitioner's] claims of ineffective assistance of counsel for a failure by Attorney Herbert Schultz is not proven. [Petitioner's] claim that he was not present for post trial motions is not meritorious. [Petitioner's] claim that the charge against him was defective is not meritorious. [Petitioner's] claims of a *Miranda* violation and hearsay are not meritorious and fails to state cause and prejudice." (Emphasis added.)

ANALYSIS

At the outset, we note that petitioner does not contest the merits of his successive postconviction petition or his *pro se* petition for rehearing. Instead, petitioner alleges that this case should be remanded for further postconviction proceedings because Richard Zimmer, who represented petitioner solely on his *pro se* petition for rehearing, failed to file a Supreme Court Rule 651(c) certificate, and the record does not otherwise show that Zimmer complied with Rule 651(c). In response, the State asserts that Rule 651(c) did not apply to Zimmer since he merely represented petitioner on his petition for rehearing. This issue presents a question of law, which we review *de novo*. *People v. McCarty*, 223 Ill. 2d 109, 148, 858 N.E.2d 15, 39 (2006).

5

The question before us, which appears to be one of first impression, is whether the requirements of Rule 651(c) apply to an attorney who has been appointed subsequent to the dismissal of a second stage postconviction petition, and charged with the duty of representing the petitioner on his petition for rehearing, which contains a new allegation of unreasonable assistance on the part of original postconviction counsel. We begin our analysis with Rule 651(c), which provides:

> "Upon the timely filing of a notice of appeal in a post-conviction proceeding, if the trial court determines that the petitioner is indigent, it shall order that a transcript of the record of the post-conviction proceedings, including a transcript of the evidence, if any, be prepared and filed with the clerk of the court to which the appeal is taken and shall appoint counsel on appeal, both without cost to the petitioner. The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights has examined the record of proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c).

Our supreme court has repeatedly held that the purpose of Rule 651(c) is to ensure that postconviction counsel: (1) ascertains the bases of the postconviction petitioner's complaints, (2)

6

shapes those complaints into proper legal form, and (3) presents those complaints to the court. *People v. Pinkonsly*, 207 Ill. 2d 555, 568, 802 N.E.2d 236, 244 (2003). In order to determine whether Rule 651(c) applied to Zimmer, we must review the peculiar circumstances of this case.

Petitioner's successive *pro se* postconviction petition alleged *inter alia* that petitioner had been deprived of his right to effective assistance of counsel where trial counsel failed to argue that his client was improperly admonished at the guilty plea hearing and that Richard Conklin failed to raise several arguments in support of the motion to vacate his guilty pleas, including petitioner's lack of mental stability at the time of the pleas. The petition also alleged that appellate counsel was ineffective for not arguing Conklin's defective representation and that the pleas were involuntary due to the beating petitioner suffered in the county jail. The trial court subsequently appointed Schultz to represent petitioner in the successive postconviction proceedings. Illinois law is clear that Rule 651(c) required Schultz to investigate, amend, and properly present these claims to the trial court. *People v. Davis*, 156 Ill. 2d 149, 163-64, 619 N.E.2d 750, 757-58 (1993). Schultz filed a certificate in accordance with Rule 651(c).

After petitioner's petition was dismissed on the State's motion, petitioner filed a *pro se* petition for rehearing which included a prayer that petitioner be allowed to amend the petition in order to allege, among other things, that Schultz's postconviction representation was unreasonable for failing to amend petitioner's successive postconviction petition to adequately raise the issues of ineffective assistance of Conklin, trial counsel, and appellate counsel. On September 15, 2004, the trial court allowed Schultz to withdraw and appointed Zimmer to: (1) represent petitioner on his *pro se* petition for rehearing, (2) review the record, and (3) file a Rule 651 certificate. This order confirms that the trial court granted petitioner's request to amend his

7

motion for rehearing to include his new claim that Schultz's postconviction representation was unreasonable.

Zimmer subsequently represented petitioner at the hearing on his petition for rehearing. Upon hearing argument, the trial court denied the petition. A review of the record reveals that the court occasionally, during its oral ruling, referred to petitioner's petition for rehearing as a "third post-conviction petition." However, the court's written order denying petitioner's petition is devoid of any reference to a "third postconviction petition." Instead, the court merely referred to petitioner's petition as a petition for rehearing. Thus, it is unclear whether the court was treating petitioner's petition as a third post-conviction petition or a petition for rehearing. A determination as to this question, however, is not necessary due to the fact that, as will be shown below, Illinois law bars petitioner from raising his new allegation of unreasonable assistance in either context. We therefore conclude that Zimmer was under no obligation to investigate, amend or present this allegation at the hearing on petitioner's *pro se* petition.

Assuming that the trial court was treating petitioner's *pro se* petition as a third postconviction petition, petitioner's claim of unreasonable assistance is not a cognizable claim in postconviction proceedings. In seeking review of trial court proceedings under the Act, a petitioner is only entitled to relief in circumstances where defendant has suffered a substantial denial of constitutional rights. *People v. Culp*, 127 Ill. App. 3d 916, 920, 468 N.E.2d 1328, 1330 (1984). When considering an appeal from the dismissal of a petitioner's postconviction petition, the appellate court is limited to considering matters that are of a constitutional dimension. *Culp*, 127 Ill. App. 3d at 921, 468 N.E.2d at 1331. The right to reasonable assistance of postconviction counsel is derived from the Act, rather than the Constitution. *People v. Greer*, 212 Ill. 2d 192,

204, 817 N.E.2d 511, 519 (2004). "There is no constitutional right to counsel in post-conviction proceedings." *People v. McNeal*, 194 Ill. 2d 135, 142, 742 N.E.2d 269, 273 (2000). The court could not treat petitioner's *pro se* petition as a third postconviction petition because petitioner's new allegation of unreasonable assistance was not one of constitutional dimension. Moreover, any allegation of a substantial denial of constitutional rights must be included in a postconviction petition, and the petition must be verified. 725 ILCS 5/122-1 (West 2004). Petitioner's *pro se* putative petition does not comply with these requirements.

Assuming, on the other hand, that the trial court was treating petitioner's *pro se* petition as a petition for rehearing, petitioner's claim of unreasonable assistance was a new allegation that was not contained within petitioner's successive postconviction petition. Our supreme court has held that "a new contention cannot, for the first time, be urged in a petition for rehearing." *People v. Mallett*, 45 Ill. 2d 388, 397-98, 259 N.E.2d 241, 246 (1970). Moreover, petitioner filed his *pro se* petition pursuant to Supreme Court Rule 367, which is titled "Rehearing in Reviewing Court." 210 Ill. 2d R. 367. Rule 367(b) specifically provides for rehearing on only those "points claimed to have been overlooked or misapprehended by the court" in its original ruling. 210 Ill. 2d R. 367(b). Having failed to raise his unreasonable assistance contention in his successive petition for postconviction relief, petitioner is barred from asserting it on rehearing. See *Mallett*, 45 Ill. 2d at 398, 259 N.E.2d at 246.

While we find that Illinois law bars petitioner's new allegation of unreasonable assistance of post-conviction counsel in the context of his petition for rehearing, we are still left with the question whether Rule 651(c) required Zimmer to amend petitioner's claims of ineffective assistance of Conklin, trial counsel and appellate counsel. We believe it did not.

9

Rule 651(c) ensures that postconviction counsel investigate, amend, and properly present those constitutional claims that the petitioner has raised in his *pro se* petition for postconviction relief. *People v. Davis*, 156 Ill. 2d 149, 164, 619 N.E.2d 750, 758 (1993). It was Schultz who was obligated under Rule 651(c) to investigate, amend, and properly present petitioner's postconviction claims. Schultz filed a certificate in accordance with Rule 651(c). Thus, the presumption exists that Schultz adequately investigated, amended and properly presented those claims contained within petitioner's successive postconviction petition. *People v. Marshall*, 375 Ill. App. 3d 670, 680, 873 N.E.2d 978, 986 (2007). Stated another way, the presumption exists that petitioner received the representation Rule 651(c) requires a postconviction petitioner receive during second stage proceedings.

Rule 651(c), however, did not apply to Zimmer. Our supreme court has recognized that a postconviction proceeding "is entirely a creature of statute, and the legislature has mandated specific requirements that a petitioner must meet to assert a claim under the Act." *People v. De La Paz*, 204 Ill. 2d 426, 448, 791 N.E.2d 489, 502 (2003). Upon review, we fail to find any provision in the Act that granted the trial court authority to order Zimmer to file a certificate pursuant to Rule 651(c). Zimmer was merely under an obligation to represent petitioner on his motion for rehearing. The purpose of a petition for rehearing is to provide litigants with the opportunity to direct the court's attention to errors in the court's previous application of existing law. See *Mallett*, 45 Ill. 2d at 398, 259 N.E.2d at 246. As discussed above, Rule 651(c) is intended to serve an entirely different purpose.

For the reasons stated, the judgment of Rock Island County dismissing defendant's amended postconviction petition without an evidentiary hearing is affirmed.

10

Affirmed.

HOLDRIDGE and CARTER, JJ., concur.