**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210334-U

Order filed June 15, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0334 Circuit No. 13-CF-1117 |
| JAY RAYMOND CONWAY, | ) ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices Peterson and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  (1) The circuit court properly granted the State's motion to dismiss defendant's postconviction petition where defendant failed to make a substantial showing of ineffective assistance of plea counsel. (2) Defendant failed to overcome the presumption that he received the reasonable assistance of counsel required under Rule 651(c).

¶ 2     Defendant, Jay Raymond Conway, appeals the Peoria County circuit court's second-stage dismissal of his postconviction petition. Defendant contends the court erred, as his petition made a substantial showing of ineffective assistance of plea counsel that warranted a third-stage

evidentiary hearing. Defendant also argues the unreasonable assistance of postconviction counsel for failing to properly amend defendant's petition or file a response to the State's motion to dismiss. We affirm.

¶ 3                                        I. BACKGROUND

¶ 4        On August 25, 2014, defendant pled guilty to first degree murder (720 ILCS 5/9-1(a)(3) (West 2012)). Pursuant to his plea, the State agreed to a sentencing cap of 35 years' imprisonment and dismissed a second count of first degree murder (*id.* § 9-1(a)(1)) and the remaining charges of armed robbery (*id.* § 18-2(a)(1), (b)) and dismembering a human body, (*id.* § 12-20.5(a), (d)), Class X felonies. The court admonished defendant that his sentencing range without the agreement would be 20 to 60 years' imprisonment. The State's factual basis indicated that defendant was with codefendant Adam Brown-Windle when they observed Dylan Probst display a large amount of cash. Defendant and Brown-Windle discussed plans to rob Probst, and Brown-Windle talked about killing Probst. Defendant told Probst to go to an abandoned house, where there was a warm bed for him, knowing Brown-Windle would be there armed with a knife. Defendant arrived while Brown-Windle was in the process of the murder. Probst was still alive but died soon after defendant arrived. Defendant and Brown-Windle moved Probst's body from the attic into the crawlspace. Defendant and Brown-Windle then went to a hotel, ate breakfast at a restaurant, and returned to the abandoned house before defendant reported the murder. The court continued the matter for sentencing.

¶ 5        On January 7, 2015, defendant filed a *pro se* motion to withdraw his guilty plea. The motion alleged that plea counsel was ineffective for failing to (1) view discovery prior to the trial date, and (2) enter into the record Brown-Windle's letter indicating that he threatened defendant

2

and defendant feared for his life. Defendant attached the signed but unnotarized letter. Brown-Windle's letter stated,

"I *** was in the process of killing [Probst] when [defendant] walked in ***, and seeing that he was scared I told [defendant] to help me move the body and clean the house or I would kill him too because he seen to much. I forced [defendant] to help *** I threatened his life and *** he is not accountable for any crime *** where he walked in on the murder being committed and *** was immediately put in a perolous sintuation [*sic*] to which he had no choice, but to do what I told him to do."

¶ 6 On January 30, 2015, defendant indicated that he did not wish to pursue his *pro se* motion to withdraw his guilty plea. Following the sentencing hearing, the court acknowledged Brown-Windle's letter and stated that "the elements of [felony murder] are met, and the defendant has not disagreed with that." Plea counsel conceded that "[t]he law says that if [defendant] *** was a participant in the planning and the robbery aspect of it, then he carries whatever baggage follows, whether he knows it's going to happen or wasn't there when it happened ***." The court sentenced defendant to 28 years' imprisonment. Defendant did not file a direct appeal.

¶ 7 On August 18, 2017, defendant filed a *pro se* petition for postconviction relief. The petition alleged the ineffective assistance of plea counsel for failing to investigate Brown-Windle's letter taking responsibility for the murder and alleging that Brown-Windle threatened defendant to help him cover up the murder. In his affidavit, defendant averred that plea counsel failed to investigate the letter prior to his guilty plea. Further, he stated that Brown-Windle "threatened [his] life in doing so he forced [defendant] to help him clean the house and move the body." Defendant asserted that he helped Brown-Windle "in order to survive" and that, had he went to trial, he "would have

3

been found not guilty or received a lesser charge but [counsel] advised [him] to still plea [*sic*] guilty *** these decisions [counsel] made was under *** his belief was that co-defendant testimony would not hold up in court." Defendant attached Brown-Windle's letter to the motion. The court appointed counsel and advanced the petition to the second stage.

¶ 8        On December 14, 2018, postconviction counsel filed an amended petition "incorporat[ing] by reference each and every argument and allegation set forth in the *pro se* Post Conviction Petition filed on August 18, 2017." Counsel filed a compliant Rule 651(c) certificate. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). On March 9, 2020, counsel filed a supplemental postconviction petition. Postconviction counsel added the claims that (1) plea counsel was in receipt of Brown-Windle's letter stating that he threatened defendant's life, (2) plea counsel withheld the letter "which had the potential to exonerate" defendant and failed to give a copy to the State prior to defendant's guilty plea, (3) defendant is "actually innocent," and (4) there was a reasonable probability that absent these errors the "result would have been different in the trial court." The State filed a motion to dismiss which the court granted. Defendant appealed.

¶ 9                                                II. ANALYSIS

¶ 10                               A. Ineffective Assistance of Plea Counsel

¶ 11        On appeal, defendant contends that his postconviction petition sufficiently alleged that plea counsel was ineffective for advising defendant to plead guilty instead of developing a viable defense using Brown-Windle's letter. The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)) "provides a method by which persons under criminal sentence can assert that their convictions were the result of a substantial denial of their rights under the United States or the Illinois Constitution or both." *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 10. At the second stage of postconviction proceedings, "defendant bears the burden of making a substantial showing

4

of a constitutional violation." *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). At this stage, a petitioner's factual allegations are taken as true unless they are affirmatively rebutted by the record. *People v. Domagala*, 2013 IL 113688, ¶ 35. Thus, the "substantial showing" standard is an inquiry into whether the allegations in the petition, if proven true at an evidentiary hearing, would entitle the petitioner to relief. *Id.* We review the second-stage dismissal of a postconviction petition *de novo*. *People v. Hall*, 217 Ill. 2d 324, 334 (2005).

¶ 12        To determine whether a defendant was denied his or her right to effective assistance of counsel during a guilty plea, Illinois courts employ a two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, a defendant must prove both (1) that counsel's actions constituted errors so serious as to fall below an objective standard of reasonableness, and (2) " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *People v. Brown*, 2017 IL 121681, ¶ 26 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). When a claim

> "involves a defendant's prospects for acquittal, the defendant must show that he would have been 'better off going to trial' because he would have been acquitted or had a viable defense. [Citation.] Thus, in this type of case, this court has required a claim of innocence or a plausible defense to establish prejudice." *People v. Hatter*, 2021 IL 125981, ¶ 26 (quoting *Brown*, 2017 IL 121681, ¶¶ 34, 45).

A " 'conclusory allegation' " is insufficient to establish the reasonable probability required under the second prong. *Brown*, 2017 IL 121681, ¶ 26 (quoting *People v. Valdez*, 2016 IL 119860, ¶ 26). "Rather, the defendant's claim must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial." *Hall*, 217 Ill. 2d at 335-36. Under *Strickland*, "reviewing courts entertain a strong presumption that the attorney's

performance was a product of sound trial strategy and professional judgment." *People v. Harris*, 206 Ill. 2d 293, 303 (2002). When an ineffective assistance claim can be disposed of because defendant suffered no prejudice, we need not determine whether counsel's performance was deficient. *People v. Griffin*, 178 Ill. 2d 65, 74 (1997). We find that defendant's claim can be resolved under the prejudice prong alone, where defendant failed to make a substantial showing that he was prejudiced based on counsel's performance. See *id.*

¶ 13    In the present case, defendant pled guilty to first degree murder premised upon defendant's commission of a forcible felony (armed robbery) where another participant causes the death of a person. (720 ILCS 5/9-1(a)(3) (West 2012)). The felony murder statute does not require the State to prove intent to kill, but rather, was enacted to deter the commission of the underlying forcible felony by holding the wrongdoer liable for any death that results from the commission of the forcible felony. *People v. Belk*, 203 Ill.2d 187, 192 2003. That is, defendant may be held responsible for any acts of another person in furtherance of a common design, including the consequences of those acts. *People v. Cooper*, 194 Ill. 2d 419, 434 (2000); *In re W.C.*, 167 Ill. 2d 307, 338 (1995). Stated another way, as defendant participated in planning and helping to execute (directing the victim to the scene of the robbery) the armed robbery where his codefendant ultimately killed someone, he shared the common purpose of that act, and the evidence of defendant's planning is sufficient to sustain a murder conviction even where defendant did not participate in the murder. Thus, that Brown-Windle coerced defendant to help clean up the scene and move the body has no bearing on the felony murder charge where the evidence showed that defendant participated in the planning and execution of the armed robbery offense.

¶ 14    Moreover, defendant's assertion that the letter shows that his participation in the armed robbery could have been performed out of duress is, at best, speculative. Notably, defendant

provided no information to the circuit court disavowing his participation in the armed robbery or specifically asserting that his participation in the armed robbery was coerced. Therefore, we find that defendant's factual allegations do not establish an arguably reasonable probability that he would have insisted on a trial, where defendant failed to articulate a plausible defense that could have been raised at trial. *Hatter*, 2021 IL 125981, ¶¶ 36, 39-40. Simply put, defendant failed to make a substantial showing of prejudice under the second prong for his ineffective assistance of plea counsel claim. See *Hall*, 217 Ill. 2d at 335-36.

¶ 15                    B. Unreasonable Assistance of Postconviction Counsel

¶ 16        Next, defendant contends that postconviction counsel "did not adequately present [defendant's] claim that Brown-Windle's letter would have served as a basis for his defense." Defendant reasons that postconviction counsel should have concluded from the letter and defendant's affidavit that defendant "could have participated in the plan to rob Probst under duress." Relying on this conclusion, defendant asserts that further investigation could have revealed "whether Brown-Windle's admissions would have provided a defense to armed robbery" that "could have established the basis for a defense to the murder and dismemberment charges." Additionally, defendant argues that, had postconviction counsel discovered evidence following an investigation that would have supported or rebutted defendant's duress claim, counsel failed to amend or supplement the petition and shape the claim into proper legal form. Defendant argues that these allegations establish a claim of unreasonable assistance of postconviction counsel requiring a third-stage hearing.

¶ 17        A defendant is only entitled to reasonable assistance from postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). To ensure that defendant receives reasonable assistance, Rule 651(c) requires that postconviction counsel comply with and file a certificate that they have

7

"consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

Where a certificate in accordance with Rule 651(c) is filed, "the presumption exists that petitioner received the representation Rule 651(c) requires a postconviction petitioner receive during second-stage proceedings." *People v. Rossi*, 387 Ill. App. 3d 1054, 1060 (2009).

¶ 18    Here, defense counsel filed a compliant Rule 651(c) certificate, creating the presumption that counsel adequately investigated, amended, and properly presented the claims contained in defendant's *pro se* postconviction petition. See *id.* Given the compliant Rule 651(c) certificate, the record does not need to explicitly show that postconviction counsel investigated defendant's claims, including Brown-Windle's letter. See, *cf.*, *People v. Myers*, 386 Ill. App. 3d 860, 865 (2008) ("If counsel fails to file a certificate of compliance with Rule 651(c), a reviewing court is not entitled to assume that counsel has complied with the rule; rather, there must be an explicit showing in the record that the rule's requirements have been met."). Thus, postconviction counsel's failure to amend or supplement the petition, or file a written response to the State's motion to dismiss, with additional facts to support a duress claim that postconviction counsel "could" have discovered through further investigation is insufficient to establish unreasonable assistance. We find that the record does not show, and defendant does not otherwise provide, evidence that postconviction counsel failed to investigate defendant's *pro se* claims and properly amend his petition.

¶ 19    Additionally, as noted *supra,* defendant failed to specifically allege and provide support that he was under duress during the armed robbery portion of the crime. Therefore, counsel cannot have provided unreasonable assistance for failing to raise a duress claim regarding the armed robbery because "[p]ost-conviction counsel is only required to investigate and properly present the *petitioner's* claims." (Emphasis in original.) *People v. Davis*, 156 Ill. 2d 149, 164 (1993). "While postconviction counsel *** may raise additional issues if he or she so chooses, there is no obligation to do so." *Pendleton*, 223 Ill. 2d at 476. That appellate counsel, with the benefit of hindsight, would have presented defendant's claims differently or added additional claims does not establish that postconviction counsel provided unreasonable assistance. *People v. Hotwagner*, 2015 IL App (5th) 130525, ¶ 50 ("In any event, 'that another attorney with the benefit of hindsight would have proceeded differently' does not demonstrate that [counsel's] representation was objectively unreasonable." (quoting *People v. Dobbs*, 353 Ill. App. 3d 817, 827 (2004)). Thus, postconviction counsel provided reasonable assistance, where defendant has failed to meet his burden to overcome the existing presumption provided by the filed Rule 651(c) certificate. See *Rossi*, 387 Ill. App. 3d at 1060.

¶ 20                                III. CONCLUSION

¶ 21    The judgment of the circuit court of Peoria County is affirmed.

¶ 22    Affirmed.