NOTICE

Decision filed 02/08/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 210311

NO. 5-21-0311

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 14-CF-94 |
| | ) | |
| RICHARD L. NELSON, | ) | Honorable |
| | ) | Michael A. Fiello, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court, with opinion.
Justices Boie and McHaney concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Richard L. Nelson, appeals the circuit court's denial of his petition for postconviction relief following a third-stage evidentiary hearing. Defendant argues that postconviction counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) during the second stage of postconviction proceedings. The State concedes that second-stage postconviction counsel did not file a Rule 651(c) certificate, and the record does not show that he explicitly complied with the rule's requirements. We, however, disagree with the parties that counsel's failure to comply with Rule 651(c) requires reversal where the record shows that subsequent postconviction counsel complied with the rule. For the following reasons, we affirm.

¶ 2                                I. BACKGROUND

¶ 3    A jury found defendant guilty of home invasion (720 ILCS 5/19-6(a)(2) (West 2014)),

1

robbery (*id.* § 18-1(a)), and aggravated battery (*id.* § 12-3.05(a)(1)). The trial court found the aggravated battery conviction was a lesser included offense of the home invasion conviction and sentenced defendant to concurrent sentences of 30 and 10 years in prison for home invasion and robbery, respectively.

¶ 4 Defendant appealed, arguing that the State failed to prove beyond a reasonable doubt that defendant entered a "dwelling place," a necessary element of home invasion, and that the trial court abused its discretion in failing to strictly comply with Illinois Supreme Court Rule 431(b) (eff. July 1, 2012). *People v. Nelson*, 2018 IL App (5th) 150066-U, ¶ 2. This court affirmed the judgment. *Id.* ¶ 33.

¶ 5 In July 2019, defendant filed a *pro se* postconviction petition, asserting several ineffective assistance of trial counsel claims. Defendant claimed trial counsel was ineffective for (1) failing to rebut the State's closing argument that a motel room was a "residence," (2) implying the State met its burden of proof with regard to an injury and injury occurring in a dwelling place in counsel's closing arguments, (3) failing to investigate the scene of the crime to determine the conditions in which the eyewitness observed defendant at the crime scene, (4) failing to impeach the State's witness Roberta Pemberton with her inconsistent written and recorded statements, (5) failing to object to the State's improper bolstering of its witnesses, and (6) being addicted to cocaine and suffering from attention-deficit/hyperactivity disorder (ADHD) while representing defendant. Defendant further claimed that appellate counsel provided ineffective assistance by failing to raise trial counsel's ineffectiveness for failing to object to the State's improper bolstering of its witnesses on appeal. Defendant attached several documents in support of his petition, including a petition to impose discipline on trial counsel for his misconduct in handling other clients' cases and the ultimate decision from the Illinois Attorney Registration and Disciplinary

2

Commission (ARDC). The ARDC petition noted that a board-certified forensic psychiatrist concluded that trial counsel suffered from stimulant use disorder for cocaine of moderate severity and ADHD and that trial counsel's stimulant use impaired his capacity to practice law. It further noted that trial counsel admitted to using cocaine as recently as January 2015. As a result of the petition, the ARDC suspended trial counsel from the practice of law for one year.

¶ 6 The circuit court advanced the petition to the second stage and appointed counsel to represent defendant (first-appointed counsel). First-appointed counsel filed an amended postconviction petition on June 15, 2020. The petition alleged substantially the same issues as the *pro se* petition, except the amended petition omitted the ineffectiveness claims regarding the failure to object to the State's bolstering of its witnesses and appellate counsel's failure to raise that claim on appeal. First-appointed counsel also attached the same documents as attached to the *pro se* petition but did not file a Rule 651(c) certificate.

¶ 7 The State did not file a motion to dismiss or an answer. As such, the circuit court found there was a substantial showing of constitutional violations and advanced the petition to a third-stage evidentiary hearing on January 14, 2021.

¶ 8 At the evidentiary hearing, first-appointed counsel provided an opening statement, noting that trial counsel was heavily addicted to and abused cocaine while representing defendant and that trial counsel admitted to last using cocaine in January 2015, three to four months after representing defendant at trial. He also stated that he was denied an opportunity to review the work of trial counsel because trial counsel destroyed or lost defendant's case files. Trial counsel was called as the first witness.

¶ 9 Trial counsel averred that his license to practice law remained suspended because he neglected to expunge his case. Trial counsel admitted that he drove by the location of the crime

3

but never physically observed it at night. He also stated that he did not take photographs of the crime location but had pictures from the police.

¶ 10     First-appointed counsel argued that the focus of the court should be on the cumulative prejudicial effect of the facts presented. He contended the failure to observe the crime scene at night—when the crime occurred—prevented trial counsel from effectively cross-examining a key witness who placed defendant at the scene on the night of the crime. Trial counsel also failed to effectively impeach another eyewitness with her inconsistent statements regarding whether she used heroin on the night of the crime. First-appointed counsel further argued that trial counsel effectively gave up the presumption of innocence regarding a "dwelling place" when he conceded that the victim was injured at the motel and did not rebut the State's closing argument that the motel was a residence.

¶ 11     First-appointed counsel then noted that he saw the daily adverse effects of drug use including the effects that drug abuse had on lawyers. He argued that the ARDC found trial counsel mishandled other cases during the time that trial counsel represented defendant. Trial counsel also admitted that his last known use of cocaine was in January 2015. The ARDC noted that a board-certified forensic psychologist not only found that trial counsel suffered from stimulant use disorder for cocaine but, critically, that the stimulant use disorder impaired his ability to practice law. First-appointed counsel contended that trial counsel's drug use therefore impaired his ability to effectively cross-examine key witnesses, investigate the crime scene, object to plain error by the trial judge, and decide whether to concede elements of the offense. First-appointed counsel concluded that the cumulative prejudice was overwhelming.

¶ 12     The State argued that all claims, except the ineffectiveness claim regarding trial counsel's drug use, were barred by *res judicata* or waived. It explained that the claims regarding whether

trial counsel conceded an essential element of the offense and the State's closing argument were ruled upon by the appellate court in that such action was error but not prejudicial error. The State further stated that all other claims, except the claim regarding trial counsel's drug abuse and the ARDC decision, were waived because they were not raised in the direct appeal.

¶ 13 With respect to the ineffectiveness claim regarding trial counsel's drug use, the State argued that trial counsel's discipline and disbarment by the ARDC were not dispositive of an ineffectiveness claim. Rather, there needed to be some specific claim of inadequate performance directly tied to the ARDC complaint or drug use, and defendant failed to show that here. In fact, the majority of the ARDC complaint concerned mismanagement of client funds and not filing expungement petitions for his clients. The State asserted that there was no indication that trial counsel was actively using any substance during defendant's trial that would have affected his ability to provide effective representation. To the contrary, the State contended trial counsel zealously advocated for defendant by addressing issues with evidence and witness testimony, presenting coherent arguments on behalf of defendant, and making reasonable strategic decisions. It argued that the defendant was convicted on the evidence and not based on deficient performance of trial counsel.

¶ 14 First-appointed counsel replied that the appellate court in the direct appeal only decided whether or not the trial court erred in not complying with Illinois Supreme Court rules and did not address any question of ineffective assistance of counsel. He admitted it could be argued that such claims were waived for not being raised, but they were not barred by *res judicata*. First-appointed counsel further contended that stimulant use disorder indicates ongoing use of drugs. As such, the months before trial counsel's last admitted use—which would have been during defendant's trial— he was impaired. First-appointed counsel also noted that the court could easily infer drug abuse

5

during the trial based on the performance of trial counsel. He contended that the ARDC would have not concluded trial counsel's stimulant use disorder impaired his ability to practice law if he had not been impaired. First-appointed counsel argued it was not the intent of the courts or constitution to say "no harm no foul" when it comes to a career-changing abuse of drugs. First-appointed counsel further stated there needed to be some evidence of ineffective assistance of counsel in addition to the documented drug abuse, and such was provided here with the failure to effectively prepare, failure to effectively cross-examine, and concession of rights. After inquiry from the court, first-appointed counsel conceded there needed to be actual evidence of ineffectiveness in the proceeding in addition to trial counsel's substance abuse problem but asserted it is not the same standard. He argued that ensuring attorneys were not abusing drugs and the ARDC conclusion would have no importance if the facts in this case were ignored. He argued that he showed that, cumulatively, those elements were present.

¶ 15    The circuit court deferred its ruling and ordered the parties to submit briefing to address (1) whether the mere fact that trial counsel was found by the ARDC to be impaired in his ability to practice law during the period that he represented defendant is enough to find ineffective assistance of counsel and, if not, (2) whether defendant waived those arguments because they were not raised in his appeal. Both the State and first-appointed counsel filed briefs in response to the court's inquiry.

¶ 16    Citing *People v. Szabo*, 144 Ill. 2d 525 (1991), the State's brief argued that, while a court cannot ignore ARDC findings, the findings cannot be the sole evidence to support an ineffective assistance of counsel claim. The State contended that defendant's claims of ineffective assistance of counsel are barred by *res judicata* because defendant's direct appeal focused on statements made by trial counsel during closing arguments and errors made by the trial court. The State also

6

argued against the merits of each of defendant's ineffective assistance of counsel claims.

¶ 17 First-appointed counsel's brief conceded that courts have consistently found that ARDC or similar professional disciplinary complaints rarely constitute *per se* ineffective assistance of counsel; thus additional evidence of ineffective assistance of counsel is required. It argued, however, that the facts of this case were unique in that a board-certified forensic psychologist concluded trial counsel's stimulant use disorder impaired his ability to practice law and trial counsel last used cocaine in January of 2015, approximately three or four months after representing defendant at trial. First-appointed counsel argued the only inference to be drawn from this information was that any previous use before January 2015 occurred in 2014, the year that trial counsel represented defendant. It was therefore likely that trial counsel was under the influence of cocaine during most, if not all, of the time he represented defendant and that counsel's impaired ability to practice law denied defendant his right to effective assistance of counsel. First-appointed counsel contended that, nevertheless, evidence of ineffective assistance was within the record, as trial counsel failed to investigate the crime scene, failed to effectively cross-examine a key witness with inconsistent statements, and conceded elements of the offense in closing argument. The appellate court did not decide any question of ineffectiveness, and as such, the claims were not barred by *res judicata*. First-appointed counsel, however, acknowledged the claims were forfeited due to appellate counsel's failure to raise the issues on direct appeal. As such, first-appointed counsel requested leave to amend the postconviction petition to allege ineffective assistance of appellate counsel.

¶ 18 The court granted the motion to amend the postconviction petition. First-appointed counsel withdrew from the case. On June 17, 2021, the court appointed new counsel (second-appointed counsel).

7

¶ 19    On July 19, 2021, second-appointed counsel filed an amended brief in response to the State's brief following the third-stage evidentiary hearing. Second-appointed counsel maintained the same arguments made in first-appointed counsel's brief and additionally addressed the State's arguments regarding the merits of defendant's claims. In addressing defendant's claim that trial counsel provided ineffective assistance by having a stimulant use disorder during his representation of defendant, second-appointed counsel argued that "it is arguable that a person heavily addicted to cocaine is by the very nature of addiction going to be inefficient at his duties." In support, second-appointed counsel cited a medical article that stated dependent cocaine users displayed broad cognitive impairments in the domains of attention, working memory, declarative memory, and executive functions and displayed significant deficits in attention and memory and that cocaine use and ADHD seem to have mutually aggravating effects on cognitive impairment. On August 19, 2021, second-appointed counsel filed an amended petition for postconviction relief, adding the claim of ineffective assistance of appellate counsel for failing to raise the issues in the first amended petition, and a Rule 651(c) certificate.

¶ 20    On September 14, 2021, the circuit court denied defendant's postconviction petition. It found that, because the appellate court in defendant's direct appeal found the State met its burden that a motel room was a "dwelling place" for the offense of home invasion, counsel was not ineffective for failing to object to the State's comment that a motel room was a "residence." For the same reason, counsel was not ineffective for conceding this element was met. Additionally, because the evidence clearly established an injury, trial counsel's concession of an injury did not fall below an objective standard of reasonableness because—in the face of clear evidence of injury—trial counsel enhanced his credibility with the jury in making his other arguments against the State's case. Regarding trial counsel's failure to investigate, the court found defendant failed

8

to show prejudice where he provided no explanation of what trial counsel would have found to help impeach the eyewitness and where trial counsel questioned the witness about his ability to observe the crime. Even assuming the failure to investigate fell below a reasonable assistance standard, the court found the fact that two other witnesses placed defendant at the crime scene negated any claim that there was a reasonable probability that the result of the proceeding would have been different. With respect to the failure to impeach Pemberton, the court found it hard to imagine how the presentation of inconsistent statements would have made the jury discount Pemberton's testimony when she already admitted on the stand that she was convicted for theft and forgery, was a drug addict at the time of the events she described, and twice used heroin on the date of the crime. Regarding the fact that trial counsel was a drug addict, the court held that the mere fact that counsel had a substance abuse problem while representing defendant did not, in and of itself, constitute ineffective assistance of counsel. It further determined that defendant provided no evidence showing the substance abuse problem impacted counsel's representation. Because there was no ineffective assistance of trial counsel, appellate counsel was not ineffective for failing to raise the ineffectiveness claims. This appeal followed.

¶ 21                                     II. ANALYSIS

¶ 22     The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a mechanism by which prisoners may collaterally challenge their convictions and sentences for substantial violations of their federal or state constitutional rights. *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005). "[P]ostconviction proceedings *** may consist of as many as three stages." *People v. Pendleton*, 223 Ill. 2d 458, 471-72 (2006). If the petition is not summarily dismissed at the first stage, the circuit court shall appoint counsel to represent the defendant if the defendant is indigent and desires counsel. 725 ILCS 5/122-2.1(b), 122-4 (West 2018).

9

¶ 23    The right to counsel in a postconviction proceeding is not constitutional but rather statutory in nature. *People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003). A postconviction defendant is therefore only entitled to the level of assistance provided by the Act. *People v. Turner*, 187 Ill. 2d 406, 410 (1999).

¶ 24    The Act requires postconviction counsel to provide a reasonable level of assistance to defendant. *Id.* Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) outlines the steps an attorney must take to provide reasonable assistance. Specifically, Rule 651(c) requires that petitioner's attorney consult with defendant "to ascertain his or her contentions of deprivation of constitutional rights," examine the record of trial proceedings, and amend the petition as "necessary for an adequate presentation" of defendant's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 25    "The purpose of the rule is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Compliance with Rule 651(c) may be shown "by the certificate of petitioner's attorney." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). In the absence of such certificate, however, the record must demonstrate counsel adequately fulfilled the required duties. *People v. Lander*, 215 Ill. 2d 577, 584 (2005). We review whether postconviction counsel substantially complied with Rule 651(c) *de novo*. *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19.

¶ 26    In the case before us, the parties contend that remand is required where first-appointed counsel failed to substantially comply with Rule 651(c) at the second stage of the postconviction proceedings. They argue that, because the duties of Rule 651(c) apply to counsel at the second stage of postconviction proceedings, second-appointed counsel's certificate filed after the third-stage hearing fails to show compliance. We disagree.

¶ 27    To support their position, the parties cite several cases that state Rule 651(c) applies to

10

postconviction counsel at second-stage proceedings. *People v. Watson*, 2022 IL App (5th) 190427, ¶ 47; *People v. Marshall*, 375 Ill. App. 3d 670, 683 (2007); *People v. Rossi*, 387 Ill. App. 3d 1054, 1060 (2009); *People v. Pabello*, 2019 IL App (2d) 170867, ¶ 28; *People v. Hotwagner*, 2015 IL App (5th) 130525, ¶ 57; *People v. Knight*, 2020 IL App (1st) 170550, ¶ 38; *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 55. At most, these cases held that counsel at the third-stage hearing was not required to comply with Rule 651(c). Notably absent from the cases is a finding that counsel at the third stage of proceedings could not render compliance with Rule 651(c). Indeed, courts have consistently found certificates filed after a third-stage hearing sufficient to presume compliance. *People v. Harris*, 50 Ill. 2d 31, 33-35 (1971); *People v. Allen*, 151 Ill. App. 3d 391, 393-94 (1986); *People v. Drew*, 36 Ill. App. 3d 807, 809-10 (1976); *People v. LeCompte*, 38 Ill. App. 3d 513, 514-15 (1976); *People v. Enyart*, 18 Ill. App. 3d 504, 505 (1974). We further note that the parties' authorities are distinguishable in that second-stage postconviction counsel already complied with Rule 651(c), eliminating the need for subsequent counsel's compliance (*Watson*, 2022 IL App (5th) 190427, ¶¶ 46-47; *Marshall*, 375 Ill. App. 3d at 682; *Rossi*, 387 Ill. App. 3d at 1060; *Pabello*, 2019 IL App (2d) 170867, ¶ 27; *Hotwagner*, 2015 IL App (5th) 130525, ¶ 57), or made such statements in *dicta* (*Knight*, 2020 IL App (1st) 170550, ¶¶ 40-41 (deciding only whether new postconviction counsel was required upon remand); *Zareski*, 2017 IL App (1st) 150836, ¶ 55 (holding Rule 651(c) inapplicable in the case because it does not apply to retained counsel at first-stage postconviction proceedings)).

¶ 28    The parties also rely on *People v. Smith*, 2022 IL 126940, ¶ 32, where the Illinois Supreme Court rejected the defendant's argument that all persons appointed to represent a defendant during his postconviction proceedings must file a certificate or otherwise show compliance with Rule 651(c). The *Smith* court determined that, because first-appointed counsel filed a certificate

showing compliance, all that was left for second-appointed counsel to do was orally argue the petition at the second-stage hearing. *Id.* ¶ 30. Second-appointed counsel did not undertake representation on the defendant's original, *pro se* petition, where first-appointed counsel already met the rule's requirements. *Id.* ¶ 32. As such, second-appointed counsel "was not required to independently demonstrate compliance with Rule 651(c)." *Id.* ¶ 38.

¶ 29    *Smith* in no way requires us to disregard that second-appointed counsel undertook the duties of Rule 651(c) or precludes a presumption of compliance based on a certificate filed after a third-stage hearing by second-appointed counsel. *Smith* only held that, once compliance with Rule 651(c) has been made, subsequent postconviction counsel's duties turn on the requirement to provide reasonable representation—not on Rule 651(c)'s mandates. *Id.* ¶¶ 28-29.

¶ 30    "Rule 651(c) does not explicitly state which stage of postconviction proceedings it controls." *Id.* ¶ 24. *Smith* makes clear that "the rule's present-tense use of the term 'petitioner's attorney' would be absolutely controlling." *Id.*; see Ill. S. Ct. R. 651(c) (July 1, 2017) (compliance "may be made by the certificate of petitioner's attorney"). Moreover, the purpose of Rule 651(c) is satisfied where postconviction counsel shapes defendant's claims into the proper legal form and presents those complaints to the court. *People v. Perkins*, 229 Ill. 2d 34, 44 (2007); *Smith*, 2022 IL 126940, ¶¶ 28-29. Accordingly, we construe *Smith* and Rule 651(c) to require defendant's postconviction counsel to comply with the mandates of the rule and present the court with defendant's claims in the proper legal form. While this purpose will *usually* and should be fulfilled by appointed counsel at the second stage of postconviction proceedings, appointed counsel at or after the third-stage proceeding may also comply with Rule 651(c) if the court was actually presented with defendant's claims in proper legal form and considered them.

¶ 31    We reject defendant's argument that second-appointed counsel never appeared before the

court to argue in favor of granting the petition and was simply a "placeholder awaiting the court's final judgment." Importantly, second-appointed counsel here made the necessary amendments to defendant's petition to remedy any procedural bar of defendant's claims, and the court's decision was issued after consideration of second-appointed counsel's amended petition. The State did not file an answer or a motion to dismiss the second amended petition, although the court provided such opportunity. Moreover, the court considered and addressed the second amended petition in its order denying defendant postconviction relief. As such, we see no reason to ignore that second-appointed counsel's certificate verified that he completed the duties required by Rule 651(c).

¶ 32    Although defendant argues second-appointed counsel's certificate "fails to acknowledge the circumstances surrounding replacement counsel's entry into this case," counsel only needed to file a facially valid certificate to invoke the rebuttable presumption that counsel acted reasonably and complied with the rule. See *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 39 (" 'The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule.' " (quoting *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 25)); see also *People v. Addison*, 2023 IL 127119, ¶ 21. Accordingly, we find the facially valid certificate filed by second-appointed counsel raises a presumption that defendant was provided the reasonable assistance required by the Act.

¶ 33    While the certificate in this case provides a presumption of compliance, the certificate is not conclusive of compliance. *Perkins*, 229 Ill. 2d at 52. Postconviction counsel must still actually comply. See *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 33 ("Counsel cannot fulfill his Rule 651(c) duties simply by filing a certificate if he has not provided adequate assistance."). If the record shows counsel failed to meet one of Rule 651(c)'s requirements, the presumption is rebutted, and there is no compliance with Rule 651(c). See *People v. Johnson*, 154 Ill. 2d 227,

13

248-50 (1993). Failure to comply with Rule 651(c) requires reversal regardless of whether the petition's claims are meritless. *Addison*, 2023 IL 127119, ¶ 33.

¶ 34　Defendant here argues that the record rebutted second-appointed counsel's compliance. He makes no argument regarding the first and second requirements of Rule 651(c), *i.e.*, counsel's consultation with defendant and counsel's review of the record. However, defendant contends the record shows that second-appointed counsel failed to make amendments necessary to sufficiently present his *pro se* claims.

¶ 35　Postconviction counsel need not file an amended petition in every case. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 30. However, as noted above, postconviction counsel must adequately present defendant's contentions of error. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 36　Defendant first argues the record shows second-appointed counsel failed to adequately present his claims, where counsel failed to argue against *res judicata* for his claim that trial counsel allowed the State to argue that a motel was a residence during closing arguments and due to trial counsel's implication during his own closing arguments that the State proved both "injury" and "dwelling place." We find defendant's argument is misplaced.

¶ 37　The circuit court did not find these claims were precluded by forfeiture or *res judicata*. Rather, the court found only the fact that the State met its burden of proof regarding whether the motel was a residence was *res judicata*. It then relied upon the State meeting its burden of proof in this respect to find trial counsel's representation did not fall below an objective standard of reasonableness and there was no reasonable probability that the result of the proceeding would have been different had counsel objected to the State's closing argument that the motel was a residence. Similarly, only because the State presented clear evidence of "injury" in a "dwelling place" as required by the home invasion statute did the court find trial counsel's alleged concession

14

to those elements did not fall below an objective standard of reasonableness because it increased trial counsel's credibility when he argued insufficiency of other evidence.

¶ 38 Defendant does not explain how second-appointed counsel could have avoided *res judicata* of the fact that the State met its burden of proof of "residence" or "dwelling place" or what argument counsel should have presented to convince the court not to rely on this fact when determining his ineffective assistance of counsel claims. Because counsel properly amended the second amended petition to avoid forfeiture of the ineffectiveness claims and defendant failed to explain what counsel could have done differently to make these claims successful, the record does not rebut second-appointed counsel's Rule 651(c) certificate.

¶ 39 Defendant also asserts the record rebuts second-appointed counsel's compliance with Rule 651(c) where second-appointed counsel stated, "It is arguable that a person heavily addicted to cocaine is by the very nature of addiction going to be inefficient [*sic*] at his duties" and cited medical studies in support in the amended brief but failed to include that allegation within the petition itself or submit the research as substantive evidence for the court to consider. We disagree.

¶ 40 In the second amended petition, second-appointed counsel explicitly adopted the allegations in the first amended brief filed June 15, 2020. The first amended petition alleged that trial counsel's drug addiction "impaired [his] ability to function in his full capacity as a criminal defense attorney *** so much that it denied petitioner his right to effective assistance of counsel." We find this allegation substantially similar to the allegation that "a person heavily addicted to cocaine is by the very nature of addiction going to be inefficient [*sic*] at his duties." As such, second-appointed counsel did not need to reallege that contention.

¶ 41 We also find the fact that the studies cited in the amended brief were not cited in the second amended postconviction petition does not rebut second-appointed counsel's compliance. Rule

15

651(c) does not require counsel to present "each and every witness or shred of evidence" that "could potentially support [defendant's] position." *People v. Custer*, 2019 IL 123339, ¶ 38. The first amended petition—which was adopted by the second amended petition—already included evidence that a board-certified forensic psychologist found trial counsel suffered from stimulant use disorder and that such disorder impaired his ability to practice law. As such, citation of more general, cumulative evidence was not necessary "for an adequate presentation" of defendant's claim. See *People v. Young*, 2022 IL App (4th) 210376-U, ¶ 74 (postconviction counsel complied with Rule 651(c) although he failed to attach some supporting evidence where such evidence had little probative value and the claim was otherwise supported).

¶ 42 In his appellate brief, defendant also argued that second-appointed counsel failed to "make any attempt to remedy any of the other substantive errors outlined above." Defendant, however, fails to elucidate what substantive errors to which he refers. We acknowledge, in his brief, defendant previously listed several additional claims that first-appointed counsel should have included in the amended petition based on first-appointed counsel's arguments at the evidentiary hearing, but it is unclear if these errors are the same errors defendant believes second-appointed counsel should have remedied. Without knowing the exact errors defendant believes second-appointed counsel should have remedied, we find he forfeited such argument. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 43 We would nevertheless find defendant's argument insufficient if, assuming *arguendo*, defendant intended to refer to the argument in his brief that first-appointed counsel's amended petition should have included several additional claims that first-appointed counsel made at the evidentiary hearing. To the extent the claims were not presented in the *pro se* petition, the Illinois Supreme Court made clear that postconviction counsel has no duty to assert claims that were not

presented in the *pro se* petition. *Pendleton*, 223 Ill. 2d at 476.

¶ 44     Moreover, even if defendant's argument concerns a claim raised in his *pro se* petition, "[f]ulfillment of the third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf. If amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *People v. Greer*, 212 Ill. 2d 192, 205 (2004). "If *** counsel chose not to include a certain claim from defendant's *pro se* petition in an amended petition, one might well infer that counsel made a decision not to pursue it." *Pendleton*, 223 Ill. 2d at 474-75. As such, the failure to assert claims in an amended petition does not—itself—rebut the presumption that second-appointed counsel made all the necessary amendments to adequately present defendant's *pro se* claims; rather, such claims must have potential merit.[1] See *Profit*, 2012 IL App (1st) 101307, ¶ 23; *People v. Blake*, 2022 IL App (2d) 210154, ¶ 15. The closest argument that a claim had potential merit was that "this case arguably presents" a *Cronic*[2] ineffective assistance claim (see *United States v. Cronic*, 466 U.S. 648 (1984)) based on the ARDC complaint and decision regarding trial counsel's ability to practice law. As conceded by first-appointed counsel's brief, the Illinois Supreme Court, in *People v. Orange*, 168 Ill. 2d 138, 162 (1995) ("ineffective-assistance-of-counsel claims founded on claims of counsel's distractions due to personal and professional problems are subject to the analysis articulated in *Strickland*"), and *Szabo*, 144 Ill. 2d at 530-31, established that ineffectiveness claims based on ARDC decisions are

---

[1]It is important to note that this particular argument does not present the situation where the same postconviction counsel argued claims at the evidentiary hearing but failed to present the claims in the amended petition. Rather, second-appointed counsel—who certified that he complied with Rule 651(c)— did not assert claims that first-appointed counsel argued at the evidentiary hearing.

[2]Under *Cronic*, prejudice may be presumed for an ineffective assistance of counsel claim where (1) the defendant is denied counsel at a critical stage, (2) counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, or (3) counsel is called upon to represent a client in circumstances under which no lawyer could provide effective assistance. *People v. Cherry*, 2016 IL 118728, ¶ 25.

still subject to the *Strickland* standard. See *People v. Franklin*, 167 Ill. 2d 1, 16-20 (1995); *People v. Smith*, 177 Ill. 2d 53, 88-89 (1997). " ' "Where the Supreme Court has declared the law on any point, *it alone can overrule and modify its previous opinion*, and the lower judicial tribunals are bound by such decision and it is the duty of such lower tribunals to follow such decision in similar cases." ' " (Emphasis in original.) *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 28 (quoting *Price v. Philip Morris, Inc.*, 2015 IL 117687, ¶ 38, quoting *Agricultural Transportation Ass'n v. Carpentier*, 2 Ill. 2d 19, 27 (1953)). Defendant provides no authority or argument to distinguish this case from *Orange* or *Szabo* and to find *Cronic* applicable. Accordingly, second-appointed counsel was not unreasonable in failing to assert a *Cronic* claim. Without a persuasive argument that second-appointed counsel failed to assert a claim in the *pro se* petition that had potential merit, defendant has failed to show the record rebuts second-appointed counsel's Rule 651(c) certificate.

¶ 45                                III. CONCLUSION

¶ 46    Where second-appointed counsel filed a facially valid Rule 651(c) certificate and the record fails to rebut counsel's compliance, we find the duties of Rule 651(c) were met. Accordingly, we affirm the circuit court's denial of defendant's postconviction petition.


¶ 47    Affirmed.

*People v. Nelson*, 2024 IL App (5th) 210311

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Jackson County, No. 14-CF-94; the Hon. Michael A. Fiello, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Ellen J. Curry, Kyle P. Smith, and Eun Sun Nam, of State Appellate Defender's Office, of Mt. Vernon, for appellant. |
| **Attorneys for Appellee:** | Joseph A. Cervantez, State's Attorney, of Murphysboro (Patrick Delfino, Patrick D. Daly, and Becky A. Ray, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |