2024 IL App (1st) 201359

No. 1-20-1359

Order filed March 25, 2024.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | 05 CR 2181901 |
| | ) | |
| HENRY POINTER, | ) | The Honorable |
| | ) | Carl B. Boyd, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court.
Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1     *Held*: Further proceedings on defendant's postconviction petition were required where the record did not show that postconviction counsel complied with the duties set forth in Illinois Supreme Court Rule 651(c).

¶ 2     Defendant Henry Pointer appeals from the second-stage dismissal of his petition under

the Post-Conviction Hearing Act (Act). 725 ILCS 5/122-1 *et seq.* (West 2010). On appeal,

defendant asserts that postconviction counsel failed to provide reasonable assistance and comply

with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). For the following reasons, we reverse and remand for further proceedings.

¶ 3                                    I. Background

¶ 4     Following a bench trial in 2006, defendant was convicted of the aggravated criminal sexual abuse of D.R., a victim under 13 years of age. He was sentenced as a Class X offender to 25 years in prison.

¶ 5     The State's evidence generally showed that on August 25, 2005, 12-year-old D.R. lived with her mother, L.R. and other family members. Defendant, who had been L.R.'s boyfriend for 10 years, was visiting their home that night. After falling asleep on the living room couch, D.R. awoke to find defendant on top of her. He touched her breasts as well as the area "below her pants." When she tried to push him away, he pressed her down hard while grinding and "pumping" his penis against her leg. Meanwhile, L.R. was returning home and saw through the window that defendant was lying on top of D.R., moving his body up and down on her, and placing his hands on the sides of her breasts.

¶ 6     L.R. yelled for D.R. to open the front door. Defendant quickly got off of D.R., giving her the opportunity to do so. L.R. then charged defendant and repeatedly hit him, while D.R., ran upstairs crying. The State also presented evidence that in August 1990, defendant performed oral sex on 8-year-old A.P., the daughter of his then girlfriend. Defendant admitted to police that he had done so.

¶ 7     In contrast, defendant testified that he was asleep on the couch when D.R. pushed him to make more room. He initially told her to "get up" but then decided to get up himself because he had to go to work. As defendant crawled over D.R., L.R. appeared in the living room window.

Defendant also denied A.P.'s account of what occurred in 1990. Defendant subsequently appealed.

¶ 8     In 2007, while defendant's direct appeal was still pending, he filed a *pro se* petition for postconviction relief. The petition alleged that trial counsel was ineffective for failing to file a motion for substitution of judge and "refusing to call my witnesses that could have testified [on] my behalf." In addition, trial counsel was ineffective for refusing to file a motion *in limine* to preclude the testimony of "a witness to case 16 years ago[,] [w]ho had robbed me, and was intoxicated on the witness, who [did] not stay [awake]." His petition also stated that counsel failed to move for a mistrial "when the intoxicated [witness] could not get her story straight and was drunk on the witness stand." Furthermore, counsel "presented no viable defense." Finally, the petition alleged that the trial court was biased and hostile against him, acted as an advocate for the State and knew that "the witness was drunk on the stand."

¶ 9     Defendant attached to the petition his own notarized affidavit, which reiterated some of the petition's allegations. The affidavit added that trial counsel failed to have the arresting officer tell the court what he saw upon his arrival at the scene. Additionally, defendant had informed counsel that "this case was about me going with both sisters and she did not bring it up in my trial." Counsel also failed to "bring up that I was robbed by this same witness," failed to file a motion to dismiss the charges and allowed the State to present testimony from "a witness who had nothing to do with the case." On December 7, 2007, the petition was docketed for the second stage and defendant was appointed postconviction counsel.

¶ 10    On May 19, 2008, while postconviction proceedings were still pending, this court entered a written order sustaining defendant's conviction but remanding for resentencing before a different judge. *People v. Pointer*, 1-07-0368 (2008) (Unpublished Order Under Supreme Court

Rule 23). At a postconviction hearing several months later, the trial court observed that defendant's petition might be "moot" because he no longer had a sentence or, consequently, a final conviction. After conferring with defendant, postconviction counsel informed the court that defendant wished to withdraw the petition without prejudice. The court permitted him to do so.

¶ 11     On December 12, 2008, defendant was resentenced to 25 years in prison for aggravated criminal sexual abuse. We affirmed the judgment on May 14, 2010, rejecting defendant's assertion that the trial court abused its discretion at his second sentencing hearing. *People v. Pointer*, 1-09-0196 (2010) (Unpublished Order Under Supreme Court Rule 23).

¶ 12     At some point thereafter, defendant moved to reinstate his postconviction petition, which the trial court permitted on July 29, 2011. The court also appointed counsel. On December 2, 2016, appointed counsel, Jeffrey Walker, filed the following certificate under Illinois Supreme Court Rule 651(c):

> "1. I have consulted with the petitioner, Henry Pointer, by mail, by phone and in person to ascertain his contentions of deprivation of constitutional rights;
>
> 2. I have obtained and read the trial transcript in this case; Dated: December 2, 2016;
>
> 3. After the aforementioned consultation and reading of the trial transcript, I am prepared to argue the issues already raised by Henry Pointer in his *pro se* post-conviction petition."

At a hearing on the same date, Walker told the court that he would not be filing a supplemental petition.

¶ 13    Unfortunately, Walker subsequently passed away, leading the court to appoint Mary Duchatellier to represent defendant. She subsequently filed a Rule 651(c) certificate stating as follows:

> "1. I have consulted with the petitioner, Henry Pointer, by phone and mail to ascertain his contentions of deprivation of constitutional rights.
>
> 2. I have reviewed the record of proceedings, including the common law record and report of proceedings." [1]

She did not file an amended or supplemental petition on defendant's behalf.

¶ 14    On April 20, 2018, the State filed a motion to dismiss, arguing that defendant had not shown a lack of culpable negligence for the untimely reinstatement of his petition.[2] According to the State, defendant did not refile his petition until July 29, 2011, more than a year after the second direct appeal was concluded. That petition was due to be filed, however, by December 18, 2010. Additionally, the State argued that the petition's claims were meritless. Specifically, defendant failed to identify what viable defense was available, what witnesses trial counsel ought to have presented, or what led defendant to believe that a witness was intoxicated. He did not attach any witness affidavits either. Furthermore, defendant failed to show prejudice from counsel's alleged failure to file a motion *in limine* or to seek a mistrial. Defendant also waived his assertion that the court did not act as a neutral arbiter by failing to raise that issue on direct appeal and, in any event, the record showed that the court fulfilled its duties in that regard.

---

[1] We note that while the body of the certificate is dated, November 2, 2017, the petition was file stamped April 13, 2018.

[2] See also *People v. Lighthart*, 2023 IL 128398, ¶ 68 (stating that "[o]nce an incarcerated, self-represented litigant is in receipt of an order of the appellate court disposing of her appeal, she will be able to either file a petition for leave to appeal with this court within 35 days pursuant to Rule 315, or she will have six months from the date such a petition would be due in which to file a postconviction petition").

¶ 15    On June 29, 2018, Duchatellier told the court, "Judge, we have an issue that we have to look into further." She informed the court on September 14, 2018, that she was "trying to get an affidavit from my client. He moved to a different facility so I'm hoping to get it by the next court date. Prosecution raised the timeliness issue so I need to submit an affidavit."

¶ 16    Duchatellier filed a response to the motion to dismiss on November 9, 2018, arguing that defendant was not culpably negligent for the untimely filing of his petition. According to the response, petitioner believed that his *pro se* petition would be automatically reinstated at the conclusion of resentencing and his second direct appeal. He did not understand that he would be required to refile the petition. Duchatellier attached documentation in support of defendant's assertion, including an affidavit from defendant, but she did not amend the petition itself to include such documentation. The response did not address the State's challenges to the merits of defendant's petition.

¶ 17    Five months later, Camille Calabrese informed the court that she was taking defendant's case from Duchatellier. On July 12, 2019, the State and Calabrese told the court they were resting on the pleadings. The court entered a continuance to review the appellate record.

¶ 18    On October 23, 2020, the trial court granted the State's motion to dismiss, finding that defendant's petition was untimely and otherwise meritless. The court found defendant's complaints about trial counsel reflected proper trial strategy, and that defendant had not established resulting prejudice. Additionally, defendant had not shown that a witness was intoxicated at trial. Furthermore, defendant waived issues that could have been raised on direct appeal.

¶ 19                                B. Analysis

¶ 20 On appeal, defendant asserts that he did not receive the reasonable assistance of counsel contemplated by Rule 651(c). We review the second-stage dismissal of a postconviction petition *de novo*. *People v. Huff*, 2024 IL 128492, ¶ 13.

¶ 21 The Act permits criminal defendants to assert substantial denials of constitutional rights that occurred during the proceedings that resulted in their convictions. *People v. Frey*, 2024 IL 128664, ¶ 22. In addition, proceedings under the Act are limited to collateral attacks on the conviction based on matters that could not have been adjudicated previously. *Huff*, 2024 IL 128492, ¶ 18. Thus, a defendant forfeits any issue that he could have raised on direct appeal. *Id*. Furthermore, section 122-2 of the Act requires that the petition have attached thereto affidavits, records or other evidence supporting the allegations. *People v. Urzua*, 2023 IL 127789, ¶ 60.

¶ 22 At the first stage of proceedings, the trial court independently reviews the petition and may dismiss it if it is frivolous or patently without merit. *Frey*, 2024 IL 128664, ¶ 22. The petition must be advanced to the second stage, however, if either (1) the court fails to rule within 90 days or (2) the petition's factual allegations state an arguable constitutional claim. *People v. Agee*, 2023 IL 128413, ¶ 36. The State may then file an answer or a motion to dismiss the petition. *Id*. ¶ 37. In ruling on a motion to dismiss, the trial court must decide whether the petition and attached documentation make a substantial showing of a constitutional violation. *Urzua*, 2023 IL 127789, ¶ 34.

¶ 23 Moreover, at the second stage, an indigent defendant is entitled to the appointment of counsel. *Id*. ¶ 33. Yet, there is no constitutional right to postconviction counsel, and a defendant is only entitled to reasonable assistance. *Id*. ¶ 37. Rule 651(c) (eff. July 1, 2017) states as follows:

7

"The record *** shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney [(1)] has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, [(2)] has examined the record of the proceedings at the trial, and [(3)] has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."

Rule 651(c) requires substantial, rather than strict, compliance with the rule. *People v. Collins*, 2021 IL App (1st) 170597, ¶ 30.

¶ 24    That being said, postconviction counsel must shape the defendant's *pro se* claims into appropriate form. *Agee*, 2023 IL 128413, ¶ 44.  The duty to adequately present a defendant's claims includes the necessity to attempt to overcome procedural bars. *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 38. When a petition asserts claims that could have been raised on direct appeal, the defendant can overcome forfeiture by characterizing such matters as ineffective assistance of appellate counsel claims. *People v. Addison*, 2023 IL 127119, ¶ 23. Furthermore, postconviction counsel must amend an untimely *pro se* petition to set forth any available facts demonstrating that the untimely filing was not due to the defendant's culpable negligence. *People v. Lighthart*, 2023 IL 128398,  ¶ 72.

¶ 25    Postconviction counsel's certification that he or she complied with the duties set forth in Rule 651(c) creates a rebuttable presumption that counsel provided reasonable assistance. *Urzua*, 2023 IL 127789, ¶ 54. In addition, the burden is on the defendant to rebut the presumption. *Huff*, 2024 IL 128492, ¶ 23. That presumption is overcome, however, where the record demonstrates that counsel has in fact violated Rule 651(c). *Addison*, 2023 IL 127119, ¶ 28. Where counsel has

failed to comply with Rule 651(c), we must remand for further proceedings without considering whether the petition's claims have merit. *Id.* ¶ 33.

¶ 26    Here, it is undisputed that the certificates filed by Walker and Duchatellier adequately addressed the first two requirements of Rule 651(c). The parties dispute, however, whether Walker's certificate satisfied the third requirement, that counsel "has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." There's no dispute that Duchatellier's certificate did not attempt to satisfy that requirement at all.[3]

¶ 27    The State contends that Walker's certificate satisfied the third requirement by stating, "After the aforementioned consultation and reading of the trial transcript, I am prepared to argue the issues already raised by Henry Pointer in his *pro se* post-conviction petition." Yet, Walker's certificate did not assert, or clearly imply, that defendant's petition adequately presented his contentions or that no amendment was necessary. *Cf. People v. Landa*, 2020 IL App (1st) 170851, ¶¶ 47, 49 (finding counsel's Rule 651(c) certificate substantially complied with the rule's third requirement where the certificate stated that counsel "presented the petitioner's claims"). Even assuming that Walker's certificate can be deemed to assert that counsel made any necessary amendments, raising the presumption that counsel provided reasonable assistance, the record rebuts that presumption.

¶ 28    The State's motion to dismiss argued, among other things, that defendant's attempt to reinstate his petition was untimely and he failed to show a lack of culpable negligence for the untimely filing. Defendant's second attorney, believing that facts were available to show a lack

---

[3] Where one postconviction attorney has complied with Rule 651(c), subsequent postconviction counsel's duty is to provide reasonable assistance, not to comply with Rule 651(c) a second time. *People v. Nelson*, 2024 IL App (5th) 210311, ¶¶ 28-29 (citing *People v. Smith*, 2022 IL 126940, ¶¶ 30-38).

of culpable negligence, filed a response to that motion. She also attached documentation. None of defendant's attorneys, however, sought to amend the petition itself to include such allegations and supporting materials, as is required by the Act. See 725 ILCS 5/122-1, 122-2 (West 2022). This was unreasonable. See *People v. Perkins*, 229 Ill. 2d 34, 48-49 (2007) (holding that "Rule 651(c) requires amendment of an untimely petition to allege any available facts showing the delay in filing was not due to the petitioner's culpable negligence" and that even if counsel does not anticipatorily rebut the State's motion to dismiss, counsel may seek leave to amend the petition to include relevant allegations after the State files its motion).

¶ 29    The State's motion also argued that defendant forfeited certain assertions by failing to raise them on direct appeal. Yet, counsel did not amend the petition to add a claim that appellate counsel was ineffective for failing to raise those matters on direct appeal, which would overcome such forfeiture. *Addison*, 2023 IL 127119, ¶¶ 23-24, 26 (finding that postconviction counsel failed to provide reasonable assistance where counsel found certain claims that could have been raised on direct appeal were worth pursuing but omitted an ineffective assistance of appellate counsel claim from the amended petition).

¶ 30    Here, the record shows that postconviction counsel failed to make amendments necessary to adequately present defendant's claims, as required by Rule 651(c). Counsel did not understand the need to amend the petition itself to allege facts supporting a lack of culpable negligence and counsel did not make a routine amendment to the petition to overcome forfeiture. Accordingly, the record shows that defendant did not receive the reasonable assistance of counsel. In light of our determination, we need not consider defendant's remaining challenges to postconviction counsel's assistance.

¶ 31                                III. Conclusion

¶ 32    Here, the record does not show that defendant received the reasonable level of assistance required by Rule 651(c) Accordingly, we must reverse and remand for the appointment of new counsel and compliance with Rule 651(c). We express no opinion as to the merits of defendant's claims or whether an evidentiary hearing is in order See *Addison*, 2023 IL 127119, ¶ 41.

¶ 33    For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

¶ 34    Reversed and remanded.