NOTICE
Decision filed 08/27/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230100-U

NO. 5-23-0100

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 15-CF-1337 |
| | ) | |
| ALEXANDER V. PANNELL, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the judgment of the circuit court dismissing defendant's postconviction petition where postconviction counsel provided reasonable assistance of counsel in compliance with the requirements of Rule 651(c).

¶ 2    Defendant, Alexander V. Pannell, filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). Defendant's first appointed postconviction counsel adopted and amended defendant's *pro se* petition. Shortly thereafter, defendant's first postconviction counsel resigned. Following the resignation of defendant's first postconviction counsel, defendant was appointed second postconviction counsel, who adopted and amended defendant's previous postconviction petition. The State subsequently moved to dismiss defendant's amended postconviction petition.

1

¶ 3    On March 22, 2022, the trial court conducted a second-stage evidentiary hearing on the amended petition and took the matter under advisement. On January 23, 2023, the court granted the State's motion to dismiss. Defendant now appeals, arguing that postconviction counsel provided unreasonable assistance of counsel and violated Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), where counsel failed to support the amended postconviction petition with affidavits or outside evidence. For the following reasons, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5    On June 9, 2015, the State charged defendant with three counts of predatory criminal sexual assault of a child, a Class X felony. 720 ILCS 5/11-1.40(a)(1) (West 2014). Following the withdrawal of the public defender, the trial court appointed a special defender to serve as defendant's trial counsel. Trial counsel subsequently filed a motion to withdraw as counsel at defendant's request.

¶ 6    On March 15, 2016, the trial court held a hearing on trial counsel's motion to withdraw. At the hearing, defendant stated that he felt that trial counsel was pressuring him to take a plea deal and also failed to file several motions on defendant's behalf. Trial counsel responded that he would be ready to proceed to trial if defendant chose and that he would continue to file appropriate, not frivolous, motions. After the court informed defendant of his options, defendant ultimately did not insist on trial counsel's withdrawal. The court found that, though disagreement existed between defendant and trial counsel, there was not a sufficient basis for withdrawal. The court denied trial counsel's motion to withdraw.

¶ 7    On August 12, 2016, defendant sent a letter to the trial court complaining of trial counsel's representation. Defendant wrote that he felt forced to take a plea by trial counsel because trial

2

counsel told defendant he would be making the "worst *** mistake of [his] life" if he went to trial. Trial counsel subsequently filed another motion for leave to withdraw.

¶ 8    On August 25, 2016, the trial court held a hearing on the motion to withdraw. Trial counsel informed the court that defendant told him the letter was a "mistake." The court asked defendant if he wished for trial counsel to remain as his attorney, and defendant responded affirmatively. Trial counsel withdrew his motion for leave to withdraw. Trial counsel then informed the court that defendant was ready to plead guilty. The court admonished defendant and defendant acknowledged that he knowingly, voluntarily, and without coercion by another, wished to plead guilty. The court then took a 15-minute recess to allow defendant and trial counsel time to discuss the plea deal. Upon returning, defendant pleaded guilty to one count of predatory criminal sexual assault of a child. In exchange, the State dismissed the two other counts of predatory criminal sexual assault of a child, as well as a felony and two misdemeanor charges from separate cases.[1] The court asked defendant if he understood the terms of the deal. Defendant understood.

¶ 9    The State then provided a brief factual basis for the charges. According to the State, the evidence and testimony would show that defendant, who was 17 years of age or older at the time of the offense, committed an act of sexual penetration upon the victim, who was under the age of 13 at the time, when defendant placed his sex organ into the sex organ of the victim. The State noted that, should the case go to trial, it would call the victim and a Granite City Police detective who would both testify to the facts of the case. The parties further stipulated to the potential testimony of the victim's parents, a forensic interviewer, and a doctor which would collectively form the evidentiary basis for the instant charges. The court found that defendant freely,

---

[1]As a result of the plea deal, the State dismissed counts II and III of predatory criminal sexual assault of a child in the current case, and dropped the charges of Class 4 felony mob action in 15-CF-1333, Class A misdemeanor domestic battery in 15-CM-68, and Class A misdemeanor battery in 15-CM-69.

knowingly, and voluntarily waived his right to a trial and entered a plea of guilty. Pursuant to the plea deal, the court sentenced defendant to 15 years' imprisonment, to be served at 85%, followed by mandatory supervised release ranging from a minimum of 3 years to natural life.

¶ 10    On July 2, 2018, defendant filed a *pro se* postconviction petition alleging that he was denied effective assistance of trial counsel. The trial court advanced defendant's petition to the second stage and appointed defendant postconviction counsel. First postconviction counsel adopted defendant's *pro se* petition and amended it to further allege ineffective assistance of counsel. The amended postconviction petition alleged that trial counsel was ineffective because he failed to file a motion regarding defendant's fitness and history of mental health issues, did not interview witnesses or obtain an investigator, did not discuss discovery with defendant, and pressured defendant to take the State's plea deal because "the Assistant State's Attorney was his 'best friend's daughter' and that an example would be made of Defendant should he proceed to trial." Postconviction counsel filed a Rule 651(c) certificate. The State filed a motion to dismiss defendant's amended postconviction petition. The State alleged that the record refuted defendant's "nonfactual and nonspecific assertions" and that defendant voluntarily entered into the plea deal. Defendant's first postconviction counsel resigned as a special public defender and the court appointed defendant's second postconviction counsel.

¶ 11    On December 27, 2021, newly appointed postconviction counsel adopted defendant's *pro se* and amended postconviction petition. Postconviction counsel amended the postconviction petition and added an allegation that trial counsel ignored defendant's claims of innocence. Postconviction counsel filed a Rule 651(c) certificate.

¶ 12    On March 22, 2022, the trial court held a hearing on the State's motion to dismiss defendant's second amended postconviction petition. The State argued that defendant knowingly

4

and voluntarily entered the plea. The State argued that trial counsel represented defendant and the court "fully admonished defendant as to the consequences of the plea." The State quoted from the transcript portions of the court conversing with defendant and contended that "[the court] overexplained [defendant's] rights and the terms of the plea." The State reiterated its arguments from its motion that defendant's claims were "nonfactual and nonspecific."

¶ 13 Postconviction counsel contended that there were issues between trial counsel and defendant. Postconviction counsel argued that the disagreements with counsel, potential for facing a trial without an attorney if trial counsel withdrew, and "[defendant's] mental capacity and educational background" all contributed to defendant feeling forced into the plea. Postconviction counsel further argued that trial counsel failed to consider defendant's fitness, interview witnesses, and investigate defendant's claim that the victim made statements in a juvenile proceeding denying that defendant committed the offense. The court asked postconviction counsel to address the exchange between defendant and the court wherein the court encouraged defendant to consider his options and advised defendant that he did not have to enter a plea on that day. Postconviction counsel responded that trial counsel told defendant that "he didn't have a choice" during a 15-minute recess following the court's admonishments. The court took the matter under advisement.

¶ 14 On January 23, 2023, the trial court granted the State's motion to dismiss defendant's postconviction petition. The court found that the record contradicted defendant's claims and that the claims lacked sufficient specificity or supporting documentation to survive second stage proceedings. Defendant filed a *pro se* notice of appeal on February 17, 2023.

¶ 15                                    II. ANALYSIS

¶ 16 We do not reach the merits of defendant's postconviction claims. Instead, the only issue we consider is whether defendant's postconviction counsel rendered unreasonable assistance of

5

counsel and violated Rule 651(c) by failing to support the petition with affidavits or other outside evidence. *People v. Addison*, 2023 IL 127119, ¶ 41.

¶ 17    The Act provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated in his original trial or sentencing hearing. 725 ILCS 5/122-1 *et seq.* (West 2020); *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). The Act provides a three-stage process for the adjudication of postconviction petitions. *People v. English*, 2013 IL 112890, ¶ 23. At the first stage, the trial court independently assesses the defendant's petition, and if the court determines that the petition is "frivolous" or "patently without merit," the court can summarily dismiss it. 725 ILCS 5/122-2.1(a)(2) (West 2020); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). To survive the first stage, "a petition need only present the gist of a constitutional claim." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996).

¶ 18    If a petition is not dismissed at the first stage, it advances to the second stage where an indigent petitioner can obtain appointed counsel and the State can move to dismiss it. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2020); *Edwards*, 197 Ill. 2d at 245-46. At the second stage, if the defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage where the circuit court conducts an evidentiary hearing on the merits. 725 ILCS 5/122-6 (West 2020); *Edwards*, 197 Ill. 2d at 246.

¶ 19    The right to counsel in postconviction proceedings is a " 'legislative grace' " and is derived from statute rather than the Constitution. *Addison*, 2023 IL 127119, ¶ 19 (quoting *People v. Porter*, 122 Ill. 2d 64, 73 (1988), and citing *People v. Owens*, 139 Ill. 2d 351, 364 (1990)). Thus, postconviction petitioners are guaranteed only the level of assistance which the statute provides. *Owens*, 139 Ill. 2d at 364. That level of assistance has been defined by the Illinois Supreme Court to mean a "reasonable" level of assistance. *People v. Flores*, 153 Ill. 2d 264, 276 (1992).

¶ 20    One aspect of "reasonable" assistance at the second stage is compliance with Illinois

Supreme Court Rule 651(c). See *People v. Carter*, 223 Ill. App. 3d 957, 961 (1992). Rule 651(c)

requires a showing that postconviction counsel has consulted with the defendant to ascertain

contentions of deprivation of constitutional rights, has examined the record of proceedings, and

has amended the *pro se* petition, if necessary. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). The rule

provides:

> "The record filed in that court shall contain a showing, which may be made by the
>
> certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone,
>
> mail, electronic means or in person to ascertain his or her contentions of deprivation of
>
> constitutional rights, has examined the record of the proceedings at the trial, and has made
>
> any amendments to the petitions filed *pro se* that are necessary for an adequate presentation
>
> of petitioner's contentions." *Id.*

The filing of the Rule 651(c) certificate creates a presumption that defendant received proper

representation, but the presumption can be rebutted by the record. *People v. Russell*, 2016 IL App

(3d) 140386, ¶ 10 (citing *People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007)).

¶ 21    One obligation of Rule 651(c) is that postconviction counsel amend, if necessary, the

defendant's *pro se* petition. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). There is no requirement that

postconviction counsel must always amend a *pro se* postconviction petition. *People v. Spreitzer*,

143 Ill. 2d 210, 221 (1991). Nevertheless, Rule 651(c) does require that postconviction counsel

make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation

of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017); see also *People v. Johnson*,

154 Ill. 2d 227, 238 (1993) (statute contemplates that postconviction counsel will shape complaints

into "appropriate legal form"). We review *de novo* the question of whether postconviction counsel

complied with Rule 651(c) (*People v. Profit*, 2012 IL App (1st) 101307, ¶ 17) and whether a defendant received a reasonable level of assistance in postconviction proceedings (*People v. Watson*, 2022 IL App (5th) 190427, ¶ 41).

¶ 22    Defendant contends that postconviction counsel failed to render reasonable assistance of counsel because she "fail[ed] to attach a verification affidavit to the petition, attach other supporting evidence, or include the allegations brought forth during the hearing." Specifically, defendant claims that postconviction counsel did not comply with section 122-1(b) of the Act when she failed to attach a verification affidavit to the petition. 725 ILCS 5/122-1(b) (West 2022). Defendant further argues that postconviction counsel made new allegations at the hearing that were not contained or supported in the postconviction petition—namely allegations that the victim may have told a juvenile court that defendant did not commit the charged offense and that trial counsel told defendant he had no intention of trying the case. Lastly, defendant contends that several claims in the petition were vague and lacked supporting evidence, including claims regarding defendant's fitness, as well trial counsel's failure to interview witnesses, failure to discuss discovery with defendant, and continually asking defendant if he was ready to take the plea deal.

¶ 23    The State rebuts that defendant failed to overcome the presumption that postconviction counsel provided reasonable assistance. Specifically, the State contends that postconviction counsel attached a verification affidavit to the amended postconviction petition; postconviction counsel adequately presented defendant's innocence claim at the hearing; the record rebutted any claims that trial counsel coerced defendant into pleading guilty; the record rebutted any claims of defendant's mental unfitness; and the record and stipulated factual basis rebutted the necessity of obtaining affidavits from other potential witnesses.

¶ 24    Here, postconviction counsel filed a facially valid Rule 651(c) certificate, complied with

the requirements of Rule 651(c), and the record fails to rebut that presumptive compliance. First, defendant concedes in his reply brief that there is a verification affidavit in the record attached to defendant's postconviction petition. Therefore, we do not further consider this issue.

¶ 25    Second, by proceeding to an evidentiary hearing on the postconviction petition, the trial court demonstrated that it believed there was sufficient evidence in the record to support postconviction counsel's argumentation of the issues raised in the petition. *People v. Waldrop*, 353 Ill. App. 3d 244, 249-50 (2004) ("A postconviction petition that is not supported by affidavits or other supporting documents is generally dismissed without an evidentiary hearing unless the petitioner's allegations stand uncontradicted and are clearly supported by the record." (citing *People v. Treadway*, 245 Ill. App. 3d 1023, 1025 (1993))). Defendant argues that postconviction counsel did not adequately present his contentions when she argued at the hearing that the victim told a juvenile court that defendant did not commit the charged offense and that trial counsel coerced defendant into the plea deal. Because the record contained sufficient evidence to support defendant's contention, we disagree. *Id.* The parties stipulated to the potential testimony of all the witnesses. Defendant's verified *pro se* petition contained his contention that he felt coerced into the plea deal. Therefore, postconviction counsel adequately presented defendant's contentions when she included the contentions in the amended postconviction petition and made related arguments at the hearing. Postconviction counsel made arguments grounded in the record. Postconviction counsel is "under no obligation to actively search for sources outside the record that might support general claims raised in a post-conviction petition" (*Johnson*, 154 Ill. 2d at 247), especially where "citation of more general, cumulative evidence was not necessary for an adequate presentation of defendant's claim" (internal quotation marks omitted) (*People v. Nelson*, 2024 IL App (5th) 210311, ¶ 41). The record here contains sufficient support for an adequate

presentation of defendant's contentions.

¶ 26 Third, defendant argues that several claims were vague and lacked support. There is a plethora of support in the record that allowed postconviction counsel to argue defendant's contentions regarding his fitness, possible coercion, and lack of discovery discussion with trial counsel. We need not discuss the merits of the claims or detail the support in the record. *Addison*, 2023 IL 127119, ¶ 41. Instead, we need only consider whether there existed enough support within the record that would allow postconviction counsel to adequately present defendant's contentions. *Id.* The record and transcripts, here, provide ample support for postconviction counsel's arguments. There is abundant discussion on the record about defendant's understanding of the proceedings, mental state, desire for trial counsel to withdraw or remain, voluntariness of the plea, and history of consultations between defendant and his counsel. Finally, as stated above, the record contains the stipulated potential testimony of all witnesses and negates the need for postconviction counsel to present " 'each and every witness or shred of evidence' that 'could potentially support [defendant's] position.' " *Nelson*, 2024 IL App (5th) 210311, ¶ 41 (quoting *People v. Custer*, 2019 IL 123339, ¶ 38). Such evidence would be cumulative as the content of their testimony is already in the record and stipulated to by the parties (*id.*), and postconviction counsel need not engage in a "generalized fishing expedition in search of support for claims raised in a petition," especially where, as here, enough support already exists and the record demonstrates that counsel made a reasonable effort to obtain supporting affidavits from any witnesses. *Johnson*, 154 Ill. 2d at 244, 248.

¶ 27 Accordingly, we find postconviction counsel's representation was reasonable and in accordance with the requirements of Rule 651(c). Therefore, we affirm the circuit court's second-stage dismissal of defendant's amended postconviction petition.

¶ 28                                  III. CONCLUSION

¶ 29    For the foregoing reasons, we affirm the Madison County circuit court's order of January 23, 2023, granting the State's motion to dismiss defendant's amended petition for postconviction relief.


¶ 30    Affirmed.